## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DONALD J. EIMER,<br>            Appellant,<br><br>        v.<br><br>DEPARTMENT OF THE ARMY,<br>            Agency. | DOCKET NUMBER<br>DE-0752-15-0135-I-1<br><br><br><br>DATE: September 28, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donald G. Gilpin</u>, Esquire, Albuquerque, New Mexico, for the appellant.

<u>Elizabeth Pitrolo</u> and <u>Laura E. Sanchez-Rivet</u>, Albuquerque, New Mexico,
    for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's removal action on due process grounds. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the administrative judge's alternative finding that the deciding official's ex parte communications that led him to reject some of the appellant's asserted mitigating factors violated the appellant's right to due process. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2      The agency removed the appellant from his GS-11 Park Ranger position, effective December 13, 2014, based on his failure to maintain a condition of employment and his inability to perform his duties. Initial Appeal File (IAF), Tab 4 at 23-29. Specifically, effective September 17, 2014, the appellant's driver's license was revoked for a period of at least 6 months as a result of his June 8, 2014 arrest in New Mexico for Driving While Under the Influence of Intoxicating Liquor (DWI). *Id.* at 32-33; *see* IAF, Tab 25 at 3-4. Following this revocation, the appellant was not permitted to operate any vehicle without obtaining an ignition interlock license and installing an ignition interlock device. IAF, Tab 4 at 33. The agency determined that, because the appellant's position required him to be able to lawfully drive government-owned vehicles, which are not equipped with ignition interlock devices, he could not perform the duties of his position and failed to meet a condition of his employment. *Id.* at 25-29, 49-53.

¶3    The appellant filed an appeal with the Board regarding his removal.  IAF, Tab 1.  He disputed the reasonableness of the removal penalty and asserted that the deciding official failed to properly consider mitigating factors.  *Id.*; IAF, Tab 18 at 5.  He did not raise any affirmative defenses.  IAF, Tab 25 at 2.  He requested a hearing.  IAF, Tab 1.

¶4    The administrative judge held the requested hearing.  IAF, Tab 29, Initial Decision (ID) at 1.  At the end of the hearing, the administrative judge noted his concern that the deciding official may have considered an aggravating factor of which the appellant was not informed in the proposal notice and to which the appellant did not receive an opportunity to respond before the agency rendered its decision, in possible violation of *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368 (Fed. Cir. 1999).  Hearing Transcript (HT) at 80.  He directed the parties to address this issue in their closing arguments.  *Id.*  The appellant's counsel argued that the appellant's due process rights were violated because he should have received an opportunity to respond to the deciding official's conclusion, based on a New Mexico statute not cited in the proposal notice, that his driving restrictions could continue for several years, rather than ending after the minimum 6-month period.  *Id.* at 83-85.

¶5    The administrative judge issued an initial decision reversing the agency's removal action.[2]  ID.  He found that the deciding official consulted a New Mexico statute and, based upon his knowledge of the appellant's previous DWI convictions, concluded that the appellant's driving restrictions could continue in excess of the 6-month minimum, which he viewed as an aggravating factor supporting the penalty of removal.  ID at 4-6.  The administrative judge found

---

[2] The administrative judge ordered the agency to provide the appellant with interim relief in the event that either party filed a petition for review.  ID at 10.  With its petition for review, the agency's counsel certified that the agency has complied with the interim relief order.  Petition for Review (PFR) File, Tab 1 at 21.  The appellant did not challenge this certification.

that, because the deciding official did not inform the appellant of this aggravating factor and provide him with an opportunity to address that issue, he violated the appellant's right to due process. ID at 6. The administrative judge also found, in the alternative, that the deciding official violated the appellant's due process rights by obtaining information regarding the status of the criminal matter and using that information to discount the alleged mitigating factors, without first providing the appellant notice of and an opportunity to respond to that information. ID at 6-8.

¶6        The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. It argues that no due process violation occurred.[3] *Id.* The appellant filed a response in opposition, to which the agency replied. PFR File, Tabs 3-4.

The agency violated the appellant's constitutional due process rights.

¶7        In the agency's decision notice, the deciding official noted that the appellant's June 8, 2014 DWI arrest was not his first offense. IAF, Tab 4 at 27. The deciding official was aware that the appellant had two previous offenses because he had served as the deciding official in a previous disciplinary action relating to the appellant's Driving Under the Influence (DUI) conviction in Texas. *Id.*; HT at 36:9-13, 40:20-23 (testimony of the deciding official). The deciding official consulted the New Mexico statute that the appellant was charged with violating, which stated, in relevant part, that an individual convicted for a third

---

[3] The agency also asserts that the appellant's removal was performance based and that, as such, it was only required to prove by substantial evidence that he could not perform his duties, and mitigating and aggravating factors should not have been part of the administrative judge's inquiry. PFR File, Tab 1 at 10-11. However, the agency removed the appellant under chapter 75, not chapter 43, procedures. IAF, Tab 4 at 23. The proper standard of proof in an action brought under chapter 75 is the preponderant evidence standard, a higher standard of proof than the substantial evidence standard. 5 U.S.C. § 7701(c)(1)(B); 5 C.F.R. § 1201.56(b)(ii). In any event, the appellant was removed based on his failure to maintain a condition of his employment, not based on his job performance. Moreover, we need not determine if the *Douglas* penalty factors apply to the instant appeal in light of our determination that the agency violated the appellant's constitutional due process rights.

time pursuant to the statute would be required to obtain an ignition interlock license and have an ignition interlock device installed and operating in all motor vehicles driven for a period of 3 years, and for life following a fourth conviction. IAF, Tab 4 at 27, 36; *see id.* at 21, 70.  Based on this statute and his knowledge of the appellant's previous DUI/DWI offenses, the deciding official concluded that the appellant's driving restriction could be in place for 3 years or longer.[4]  IAF, Tab 4 at 27; HT at 35:22-36:15, 46:1-19 (testimony of the deciding official).  The agency's proposal notice did not indicate that the deciding official would rely upon this information as an aggravating factor in reaching his decision. *Compare* IAF, Tab 4 at 49 (proposal notice stating: "The revocation period specified in the Order is a minimum of six months, but continues until all conditions for reinstatement are met by you"), *with id.* at 27 (decision notice stating: "New Mexico law is clear that a person convicted of multiple DUIs could be required to use an interlock ignition device for longer than the six month revocation you received already").

¶8      Where, as here, a public employee has a property interest in his continued employment, the government cannot deprive him of that interest without due process.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).  Minimum due process requires notice of the charges, an explanation of the agency's evidence, and an opportunity to present a response.  *Id.*  Providing an employee a meaningful opportunity to present his side of the story is essential to the issue of whether the allegations are true and also with regard to whether the

---

[4] We question the accuracy of this interpretation.  The appellant was charged with "DWI Driving While Under the Influence of Liquor and/or Drugs (.08 or Above) (1st Offense)."  IAF, Tab 4 at 21 (emphasis added).  The relevant section of the New Mexico statute at issue indicates that offenders convicted for the first time "pursuant to this section" shall be subject to an interlock restriction for 1 year. *Id.* at 36 (emphasis added).  It appears that the appellant's other convictions were not pursuant to the section at issue because they occurred in other states. *See* HT at 36:9-13, 43:22-24 (deciding official testifying that the appellant's DUIs were in multiple states and that he had never been told that the appellant was convicted of a DWI in New Mexico).

level of penalty to be imposed is appropriate. *Id.* at 543; *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 7 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015).

¶9      If a deciding official engages in ex parte communications that introduce new and material information that was previously unknown to him, or considers information personally known to him that was not included in the notice of proposed removal to the appellant, the employee is no longer on notice of portions of the evidence relied upon by the agency in imposing the penalty, resulting in a potential constitutional violation. *Wilson*, 120 M.S.P.R. 686, ¶ 9. Similarly, an agency's proposal notice must identify any aggravating factors upon which it relied in imposing a penalty and its failure to do so may constitute a constitutional violation. *Id.* In assessing whether a constitutional due process violation has occurred, the Board may consider, among other factors: (1) whether the information is cumulative, rather than new; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the communication was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id.*, ¶ 8; *Stone*, 179 F.3d at 1377.

¶10      The agency argues that the deciding official did not commit a due process violation because the appellant was aware that the consequences of his arrest formed the basis for the proposed removal action and received a sufficient opportunity to "present his side of the story" regarding the facts and circumstances surrounding his arrest. PFR File, Tab 1 at 9-10. The agency contends that the information obtained from the New Mexico statute was merely cumulative because the appellant was subject to an ongoing interlock restriction when the agency proposed its action and reached its decision, and the "fact that a further interlock restriction penalty could be imposed . . . merely confirmed the existing gravity of the situation" and "simply lead [the deciding official] to believe that the six-month restriction might not have been the end of it." *Id.* at 16-17. Further, the agency asserts that the deciding official acted properly in

obtaining information regarding the New Mexico statute as part of his effort to give consideration to the appellant's alleged mitigating factors; namely, the appellant's claim that he expected the criminal matter to be dismissed and his unrestricted driver's license to be restored within a few months. *Id.* at 13-14; *see* IAF, Tab 4 at 39.

¶11    The agency's arguments are unpersuasive. The agency did not inform the appellant that the deciding official would rely upon his knowledge of the appellant's previous DUI/DWI convictions to interpret the New Mexico statute and construe the expected duration of his interlock restriction as an aggravating factor. Thus, the information was new. The information also was material because it is clear that the expected duration of the appellant's interlock restriction influenced the deciding official's penalty determination. *See Ward*, 634 F.3d at 1280 n.2 (finding that, notwithstanding a lack of undue pressure, the materiality of ex parte communications appeared self-evident where the deciding official admitted that they influenced his penalty determination). Specifically, the deciding official testified at the hearing that he viewed the potential for the appellant's interlock restriction to continue for several years as an aggravating factor because "there is just no end in sight to the situation."[5] HT at 46:11-19. He further testified that he did not consider the appellant's request to take leave

___

[5] The agency asserts that the administrative judge asked "leading" questions and improperly introduced the concept of an aggravating factor, which was not mentioned in the decision notice, to the deciding official. PFR File, Tab 1 at 10-12. Assuming for the sake of argument that the trier of fact is not allowed to ask leading questions, the agency did not raise any objection to this line of questioning during the hearing and therefore is precluded from doing so now. *See* HT at 45:23-49:15; *see also Harbo v. U.S. Postal Service*, 53 M.S.P.R. 450, 453-55 (1992) (holding that the agency waived its objection to the sua sponte raising of a handicap discrimination claim by the administrative judge when it failed to object to the acceptance of testimony on the issue at the hearing); *Whitehurst v. Tennessee Valley Authority*, 43 M.S.P.R. 486, 491 (1990) (explaining that a party is obligated to preserve for review its objections to an administrative judge's conduct of a hearing and cannot wait until after the adjudication is complete to object for the first time to the administrative judge's hearing-related rulings).

until his criminal matter was resolved to be a viable alternative to a removal action because "there was no end in sight to the situation." *Id.* at 39:13-23.

¶12    We also disagree with the agency that this information was merely cumulative. It is true that the order imposing the interlock restriction indicated that the restriction would continue "for six (6) months or later until all conditions for reinstatement are met." IAF, Tab 4 at 33. However, the issue is that when the deciding official gleaned from the New Mexico statute that not only could the restriction extend beyond the 6-month minimum, but that it could be 3 years or longer, he viewed the latter as an aggravating factor. Indeed, it is unclear why the deciding official would have needed to look into the expected duration of the restriction if he would have imposed the penalty of removal, even if the restriction were expected to conclude at the end of the 6-month minimum period.

¶13    We find that the deciding official's consideration of an aggravating factor without the appellant's knowledge was "so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377. Consequently, because the agency violated the appellant's due process rights, its error cannot be excused as harmless, and the agency must cancel the appellant's removal. *See Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 13 (2011). The agency may not remove the appellant unless and until it affords him a new, constitutionally correct, removal procedure.

We vacate the administrative judge's alternative findings.

¶14    In his written reply, the appellant requested that the deciding official consider various mitigating factors. He alleged that he was "vigorously fighting the [DWI] charge" and "expect[ed] to have the matter dismissed within the next few months." IAF, Tab 4 at 39. The deciding official obtained court records that indicated the appellant failed to attend the hearing regarding his license revocation, and subsequently requested and received two continuances in his DWI matter. *Id.* at 26. Based on this, the deciding official found that it did not appear

that, as the appellant claimed, he was diligently pursuing resolution of the matter and the deciding official concluded that the appellant's assertions to the contrary were not credible. *Id.*; HT at 34:23-35:10 (testimony of the deciding official).

¶15    The appellant also asserted that he filed a motion with the court "to allow him a special government license to drive a government vehicle without an interlock system during work hours." IAF, Tab 4 at 39. The deciding official obtained a copy of this motion and discussed the matter with the agency's Office of General Counsel (OGC). *Id.* at 26; HT at 36:21-37:23 (testimony of the deciding official). OGC informed him that the motion was almost certain to fail because it contained multiple flaws; the appellant had not cited legal authority establishing the court's authority to grant the relief he requested; and the Assistant District Attorney opposed it. IAF, Tab 4 at 26; HT at 36:21-37:23 (testimony of the deciding official). Thus, the deciding official did not accord much weight to this alleged mitigating factor "because it didn't seem like [the motion] was viable." HT at 37:19-23 (testimony of the deciding official).

¶16    The administrative judge made an alternative finding that the deciding official's consideration of the aforementioned additional information, which called into question the appellant's alleged mitigating factors and thus factored into the penalty determination, without first informing the appellant and affording him an opportunity to respond, also constituted a due process violation. ID at 6-8.

¶17    We disagree with, and thus vacate, this alternative finding. A deciding official does not violate an employee's right to due process when he considers issues the employee raises in his response to the proposed adverse action and then rejects those arguments in reaching a decision. *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 9 (2015). An employee is not entitled to know the particular weight the deciding official will attach to his arguments raised in response to the proposed adverse action in advance of the final decision. *Id.* Moreover, a deciding official does not violate an employee's due process rights

by initiating an ex parte communication that only confirms or clarifies information already contained in the record. *Id.*, ¶ 10; *see Blank v. Department of the Army*, 247 F.3d 1225, 1229-30 (Fed. Cir. 2001). Here, the deciding official sought information to confirm the appellant's assertion that he was vigorously pursuing his criminal matter and expected it to be dismissed soon, as well as his implication that he could obtain a "special government license" that would allow him to continue performing his job duties. While, if true, these may have been mitigating factors, we see no evidence that the deciding official viewed the results of his inquiry as an aggravating factor. We therefore find it was not a due process violation for the deciding official to investigate these claims and then, based on the information he obtained, choose not to accord them any weight as mitigating factors in making a penalty determination.

## ORDER

¶18    We ORDER the agency to cancel the appellant's removal and to restore the appellant effective December 13, 2014. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶19    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the

actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶23     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR

DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.